## FERNÁNDEZ ET AL. *v.* GONZÁLEZ ET AL.

### APPEAL from the District Court of Mayagüez.

No. 440.—Decided June 25, 1910.

EVIDENCE—TESTIMONY—WRITTEN CONTRACT—EXISTENCE OF INDEPENDENT COLLATERAL CONTRACT.—The testimony of a notary, before whom several deeds have been executed, is admissible in evidence to show the existence of an independent collateral contract between the parties executing such deeds, the conditions of which do not appear in the written instrument.

ID.—CONDITIONS OF WRITTEN CONTRACT.—It is not an alteration of the conditions contained in a written instrument for the notary, before whom the several instruments were executed, to testify in regard to the existence of. an independent collateral contract not included in such instruments.

ID.—LAW OF EVIDENCE—INDEPENDENT COLLATERAL CONTRACT.—There is no provision in the substantive law of Porto Rico, nor in the Law of Evidence, rendering the testimony of a notary before whom certain deeds are executed, inadmissible in evidence when it is sought by his testimony to show the existence of an independent collateral contract which was not included in said instruments.

The facts are stated in the opinion.

*Mr. José de Diego* for appellants.

*Mr. Benjamin H. Horton* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case set up that on May 16, 1903, José A. Fernández and his wife conveyed certain pieces of property to the priest, Gabriel González, under an agreement on the part of the latter to make a donation of the same to the minor children of said José A. Fernández; that on June 10, 1903, the said González made a donation of the same prop-

erty to the said minor children; that, subsequently, the District Court of Mayagüez, in proceedings brought by Cora May Belden Smith against González and the minor children of Fernández, declared null and void the deed made by González to such minor children; that a part of the same property was attached by the creditors of said González; that a certain part of said property remained in the hands of González; that the part so remaining belonged to the minor children of Fernández; that, although previously **requested to make** another donation in favor of such minor children of Fernández the said González, disregarding the rights to said minors and in fraud of said right, conspired and combined with another priest, José Foix y Molina, to make a false conveyance of the said remaining property to said Foix Molina; that there were several other subsequent transactions made by Foix Molina in combination with other persons in fraud of the said minor children and one of these transactions led up to a conveyance back to González, all of said transactions, it is alleged, being simulated and fraudulent and against the rights of the minor children. Issue was joined on these facts. There was a trial and the court found in favor of the defendants, who are the alleged fraudulent alienees by direct and indirect conveyances from said González of the property in question.

At the trial the notary, Benito Forés, was put on the stand and testified that he had acted as notary in the deed from Fernández to González as well as in the deed from González to the minor children of Fernández. Thereupon the witness was asked if the deed from Fernández to González contained all the truth or if there was some matter that the witness knew and could explain to the court in connection with said deed. The defendants objected and the court refused to admit the answer on the ground that he would permit no testimony to be given of the intention of the parties that did not appear from the deed itself. To this ruling the complainants excepted. There were other offers of proof of fraud with

respect to the subsequent transactions of the defendants all of which were refused dependent on the refusal to admit the offered testimony of the notary, Forés, heretofore mentioned.

Substantially the only question presented for review is the alleged error of the court in refusing to admit the said testimony of the notary. The appellees attempted to justify the exclusion of this testimony on the ground that parole evidence is inadmissible to vary the terms of a written contract. Here, however, the complainants were trying to prove an independent collateral contract between Fernández and González by which the latter was to make and actually did make a donation to the children of Fernández. The complaint perhaps in this regard is not as clear as it should be. There is also considerable dimness in regard to the reason Fernández might have had for conveying the property to González. Nevertheless, there is enough in the complaint to show a *prima facie* cause of action in the children of Fernández against the defendants. The fact that González made a donation, subsequently declared void, is documentary proof of the claims of the children against him. With that fact admitted we think the question excluded was pertinent and admissible. There was fraud charged in regard to the subsequent actions and transactions of González. To the effect that parole evidence is admissible to show an independent collateral contract the following authorities may be cited: *Seitz* v. *Brewers' Refrigerating Mach. Co.,* 141 U. S., 510; and 17 Cyc., 713.

There is nothing in the substantive law of Porto Rico which renders this evidence incompetent. Neither does the law of evidence impede its admission. For the error assigned the judgment must be reversed and the case remanded for a new trial.

*Reversed.*

Justices MacLeary and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not take part in the decision of this case.